IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONNA S. HENDERSON<br>    PLAINTIFF, | )<br>)  No. 1:24-cv-09043<br>) |
| v. | )  Judge<br>) |
| CITY OF CHICAGO, a municipal corporation<br>    DEFENDANT. | )<br>)  **JURY DEMAND** |

## ORIGINAL COMPLAINT AT LAW

**NOW COMES,** Plaintiff, **LONNA S. HENDERSON**, (hereinafter referred to as "Plaintiff") by and through one of her attorneys, Danielle A. Pinkston, of the Pinkston Law Group, P.C., and complaining of Defendant, **CITY OF CHICAGO**, a municipal corporation (hereinafter referred to as "Defendant" "City") stating as follows:

### PARTIES

1. That at all relevant times, Plaintiff, **LONNA S. HENDERSON** was a citizen of the State of Arizona.

2. That at all relevant times, Defendant **CITY OF CHICAGO** was a domestic corporation, organized under the laws of the State Illinois. Defendant owns and operates the Chicago O'Hare International Airport, located at 10000 West O'Hare Ave, Chicago, County of Cook, and State of Illinois ("The Airport " O'Hare).

### JURISDICTION AND VENUE

3. Plaintiff brings this action in the United States District Court for the Northern District of Illinois, Eastern Division because this Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a)(1) in that Plaintiff is a citizen of the State of Arizona and the Defendant is a domestic corporation organized under the laws of Illinois. The amount in controversy

1

is in excess of $75,000.00.

4. The acts or omissions giving rise to the Plaintiff's claims arose in Cook County, the State of Illinois, and pursuant to 28 U.S.C.A. § 1391(a) venue is proper in the Northern District of Illinois, Eastern Division, where the Defendant also operates the airport.

## FACTUAL ALLEGATIONS

5. On or about September 26, 2023, Defendant, CITY, owned, possessed, operated, managed, maintained, and controlled an airport known as Chicago O'Hare International Airport ("Airport").

6. On or about September 26, 2023, Defendant, CITY, through its agents and employees, had a duty to exercise ordinary care in its ownership, possession, management, maintenance and control of the subject property such that it was reasonably safe for individuals legally entitled to be present on the premises.

7. On or about September 26, 2023, Plaintiff, LONNA S. HENDERSON, was legally present on the subject premises with her daughter.

8. They arrived at Chicago O'Hare airport on American Airlines (AA) #1866, a little after 5:00 am.

9. Plaintiff and her daughter were the last passengers to exit the plane.

10. On their right was the American Airlines (AA) counter, the floor was carpeted, and a few feet later, there were tiles on the floor.

11. As soon Plaintiff walked onto the tiles she started slipping and losing her balance.

12. She was unable to hold or grab onto anything and started to go down to the floor.

13. Plaintiff fell, mostly onto her right side and yelled, "It's wet!"

14. Her daughter turned around and came towards her, but it was too late, Plaintiff had fallen down.

15. The flight attendants exiting the plane were also behind her and saw what happened.

16. Plaintiff immediately looked around for help because she did not think she would be able to get up with just the help of her daughter.

17. Plaintiff yelled out to the agent at the AA gate asking if she could help her get up, but it was clear when Plaintiff tried to move, she was in pain and the agent, Maria, did not want to move her.

18. Maria stated, "Well, what do you want me to do?" and immediately raised her hands in the air and said, "This is NOT American Airlines fault."

19. Plaintiff asked if she could just send for help and possibly a wheelchair and Maria said she would.

20. By this time, it was within a half hour or so after they had landed.

21. One of the flight attendants on the flight, named Cody, stopped and stayed nearby for a few minutes, to see if Plaintiff was ok and to give her his name, in case they needed anyone to comment on what he saw happened.

22. Plaintiff realized that the floor was not wet, but slippery and slick (almost "oily").

23. Cody mentioned that this happen before and thought it had something to do with what they used to clean the floors.

24. There were no caution/warnings that the floor was slippery or slick.

25. While Plaintiff was waiting for assistance, she saw other people slip and slide, but luckily they had someone to grab onto and hold them up.

26. They also mentioned they thought the the floor was wet.

27. Plaintiff continued to lie and sit on the floor, in the middle of the walkway, and her pain was getting worse.

28. A wheelchair finally arrived 15-20 minutes later, and someone helped her get into it.

29. They put her off to the side and Maria said she called, and they were waiting for a supervisor to come talk to Plaintiff.

30. They asked Plaintiff if she wanted medical attention, and she felt it was best to be checked out before leaving the airport.

31. Plaintiff also did not know how she would walk to the baggage claim or carry her bags, at that point so she waited.

32. By this time, Maria left, checked in the new flight, and the supervisor had not come by after over an hour later.

33. Plaintiff asked another AA employee to call again, she did and informed Plaintiff that the supervisor that had been notified got busy and could not come, so now a new supervisor, Tracey, was coming.

34. About 5-10 minutes later, the paramedics and a police officer arrived, as well as the AA supervisor.

35. Officer P. Grepo #16842 took the Incident Report (#JG 439353) and the paramedics took Plaintiff's vitals.

36. They told Plaintiff they would have to take her to the Emergency Room to be checked out and wheeled her down to the ambulance at 7:15am.

37. Plaintiff arrived at Ascension Resurrection Hospital just before 8:00am.

38. She was then examined and had x-rays, which did not reveal any breaks, but she bruised her hip, shoulder, and strained her back.

39. They gave her a prescription to fill and released her just before 11:00 am.

40. Over the next couple of days, her right ankle and right wrist also became sore and almost six (6) months later, she still had hip and back pain which compelled her to seek chiropractic treatment.

41. Plaintiff discovered that she pulled her Achilles and/or now had Achilles Tendonitis which she sought medical treatment for as well.

42. On and before September 26, 2023, Defendant, CITY, through its agents and employees, knew, or in the exercise of ordinary care should have known of the dangerous unnatural accumulation of a slippery or slick liquid substance on the floor and the unreasonable risk of harm it presented to people on the premises, including Plaintiff.

43. On and before September 26, 2023, Defendant CITY, through its agents and employees, could reasonably expect that people on the premises would not discover or realize the danger or would fail to protect against the danger.

44. On or about September 26, 2023, Plaintiff, LONNA S. HENDERSON, was caused to slip or otherwise fall due to the slippery or slick liquid substance on the floor in the airport.

45. At all times relevant to this cause of action, Defendant CITY, through its agents and employees, breached its duty and was negligent in one or more of the following ways:

   a. Improperly possessed, operated, managed, maintained, and controlled the subject premises, so that as a direct and proximate result thereof, the Plaintiff was injured

   b. Allowed and permitted the slippery or slick liquid substance to accumulate in an unsafe manner on the floor in the airport.

   c. Failed to properly and adequately remove the slippery or slick liquid substance from the floor of the subject premises;

    d. Failed to make a reasonable inspection of the subject aisle when the Defendant knew, or should have known that said inspection was necessary to prevent injury to the Plaintiff;

    e. Failed to warn the Plaintiff of the accumulation of the slippery or slick liquid substance on the floor in the airport when the Defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the Plaintiff;

    f. Failed to place warning signs indicating that the floor of the subject premises was slippery or slick;

    g. Caused the floor of the subject aisle to be slippery or slick liquid substance, thereby creating an unsafe condition;

    h. Failed to properly repair or maintain the subject premises so that the slippery or slick liquid substance was allowed to accumulate on the floor;

    i. Failed to guide Plaintiff away from the subject premises;

    j. Failed to provide a safe walking surface for airport travelers;

    k. Failed to ensure that the premises was safe, suitable, and proper for airport travelers;

    l. Failed to provide adequate safeguards to prevent injury to the Plaintiff while she was lawfully upon said premises; and,

    m. Was otherwise careless and negligent.

46. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant CITY, Plaintiff LONNA S. HENDERSON then and there sustained severe and permanent injuries and was and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost and will lose

the value of that time as aforementioned. The Plaintiff also suffered great pain and anguish; both in mind and body and will in the future continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, **LONNA S. HENDERSON**, prays for judgment in her favor and against Defendant, **CITY OF CHICAGO**, in an amount in excess of $75,000.00, to be determined at trial, interest, and for costs of suit.

Dated: September 26, 2024,	Respectfully submitted,
**PINKSTON LAW GROUP, P.C.**

/s/ Danielle A. Pinkston
_____
Danielle A. Pinkston
Atty. No.: 6302271
54 North Ottawa Street, Suite #110
Joliet, Illinois 60432
Office: (773) 770-4771 Fax: (773) 770-4772
dpinkston@pinkstonlawgroup.com
Atty. for: Lonna S. Henderson (Plaintiff)